IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY LEE BERGSMA, et al.,<br><br>Defendants. | Case No. 2:23-cv-1483<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR ORDER OF SALE AND APPOINTMENT OF RECEIVER** |

The United States has moved for an Order of Sale and Appointment of Receiver to enforce tax liens against the Subject Property, detailed below.  Dkt. # 70.  Having satisfied the conditions for foreclosing its tax liens pursuant to 26 U.S.C. § 7403, the Court enters this Order of Sale.  The United States also requested that a receiver be appointed to sell the Subject Property, and has nominated Steven S. Snider, of Real Residential, to take custody and arrange for the sale of the Subject Property.  For good cause shown, it is hereby:

**ORDERED** that the United States' Motion for a Decree of Foreclosure, Appointment of Receiver and Order of Sale is **GRANTED**. Accordingly, it is further **ORDERED** as follows:

1.     The real property described below shall be sold under the Judgment of this Court, pursuant to 26 U.S.C. §§ 7402 and 7403, the Court's November 4, 2024, Judgment (Dkt. 40), and according to the terms set out below.

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

1

2.      Steven S. Snider, of Real Residential is **APPOINTED**, pursuant to 26 U.S.C. § 7402(a) and § 7403(d), to act as the receiver and sell the property according to the terms set out below.

### Identification of Property Subject to Receivership and Sale

3.      The real property at issue ("Subject Property") is located in King County, Washington, with a street address of 31915 N.E. 114th Place, Carnation, Washington. The legal description of the Subject Property is as follows:

> LOT 213, LAKE MARCEL NO. 2, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 76 OF PLATS, PAGE(S) 58 THROUGH 61, IN KING COUNTY, WASHINGTON; TOGETHER WITH A PORTION OF LOT 212 OF SAID PLAT, DESCRIBED AS FOLLOWS: BEGINNING AT THE NORTHWEST CORNER OF SAID LOT 212; THENCE SOUTHWESTERLY ALONG THE WESTERLY LINE OF SAID LOT 57 FEET TO THE POINT OF BEGINNING; THENCE EASTERLY AT THE RIGHT ANGLES TO SAID WESTERLY LINE 6 FEET; THENCE SOUTHWESTERLY 43 FEET MORE OR LESS TO A POINT ON THE WESTERLY LINE OF SAID LOT THAT BEARS 123.89 FEET NORTHEASTERLY FROM THE SOUTHWEST CORNER THEREOF; THENCE NORTHEASTERLY ALONG SAID WESTERLY LINE TO THE POINT OF BEGINNING; (ALSO KNOWN AS LOT A OF KING COUNTY LOT LINE ADJUSTMENT NO. 8812014 RECORDED UNDER RECORDING NUMBER 8902061160).

### Appointment/ Duties and Sale Authority

4.      The sale of the Subject Property is ordered pursuant to federal law and is made without right of redemption.

5.      Steven S. Snider ("Receiver") is appointed as Receiver of the Subject Property.

6.      The Receiver is directed to take possession of the Subject Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of each property, to put them into marketable condition, and to arrange for the sale of the Subject Property, free and clear of any rights, titles, claims, or interests of any of the parties to this action. The terms of the Receiver's sale of the Subject Property shall occur as follows:

**Listing Price/Offer and Acceptance**

7.    The initial listing price shall be set by the United States in consultation with the Receiver. If buyer interest is insufficient or feedback indicates the listing price is too high, the United States, in consultation with the Receiver, may adjust the price downward. The United States shall have exclusive authority to determine whether to make or respond to any offers or counter-offers and to decide whether to accept any offer or counteroffer for the Subject Property.

**Terms of Purchase Agreement**

8.    A purchase agreement may include other customary and reasonable terms as determined by the United States in consultation with the Receiver.

9.    Any purchase agreement must provide for the balance of the purchase price to be paid in cash or certified check at closing and must include an earnest money deposit in an amount approved by the United States, forfeitable if the purchaser fails to perform. Any forfeited earnest money shall first be applied to reimburse the Receiver for expenses incurred, with the remainder deposited into the Court's registry for further adjudication, unless the United States, in its sole discretion, directs that such funds be used for maintenance, repairs, or improvements.

10.    At closing, the purchaser shall receive a deed executed by the Receiver conveying the Subject Property free and clear of all interests or claims of the parties to this action, with such interests and claims attaching to the proceeds in the same priority as they had against the Subject Property.

**Receiver's Rights and Powers**

11.    The Receiver shall have all rights and powers necessary to carry out his duties under this Order of Sale, including, without limitation, the authority to enter and inspect the Subject Property, advertise and show the Subject Property to prospective buyers, take any actions reasonably necessary to preserve or protect its value, and prepare the Subject Property for sale. Such preparation may include reasonable and necessary repairs, maintenance, minor improvements, and the purchase of property and liability insurance, provided that any expenditures are first approved by the United States.

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

12. The Receiver shall be compensated from the proceeds of the sale of the Subject Property as follows: (a) six percent (6%) of the gross sale proceeds, from which the Receiver shall pay any buyer broker commission; and (b) reimbursement for reasonable and necessary expenditures, including repairs, maintenance, minor improvements, and insurance, provided such expenditures are first approved by the United States. This compensation and reimbursement shall be paid as a direct cost of sale from the proceeds of sale, before any net proceeds are deposited to the court's registry to satisfy the claims of the parties to this action.

## Closing of Sale and Distribution of Proceeds

13. The proceeds from the sale of the Subject Property, less closing costs and the compensation and reimbursement described in paragraph 12, shall be deposited into the Court's registry, except as otherwise directed in this Order. Once the proceeds are within the registry, the United States shall obtain updated amounts the lienholders claim against the Subject Property and move for an order distributing the proceeds. The proceeds deposited into the Court's registry shall remain there until further order of the Court.

14. After the proceeds of the sale have been deposited into the Court's registry, the United States shall move for an order confirming the sale and distributing the sale proceeds in accordance with any priority stipulations entered within this case.

15. Upon confirmation of the sale of Subject Property, all interests in, liens against, or claims to the Subject Property that are held or asserted by any party to this action shall be discharged and extinguished, and such interests, liens, or claims shall attach to the proceeds of the sale of the Subject Property.

16. Upon confirmation of the sale, the buyer shall ensure that the County Recorder for King County transfers of title to the buyer in the county's official records.

## Effect of Order on the Defendant's Occupation of the Property

17. This Order of Sale terminates any right of possession to Subject Property held by Timothy Lee Bergsma.

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

4

18. All persons occupying the Subject Property shall leave and vacate the Subject Property permanently within 21 days of this Order of Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances of the Subject Property). If any person fails or refuses to leave and vacate the Subject Property by the time specified in this Order, the U.S. Marshal's Office, King County Sheriff's Office, and/or City of Carnation Police Department may take whatever action it deems appropriate to remove such person(s) from the premises. **Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purpose of executing this Order.**

19. The U.S. Marshal's Office, King County Sheriff's Office, and/or City of Carnation Police Department is further authorized and directed to arrest and/or evict from the Subject Property's premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order.

20. No person shall be permitted to return to the Subject Property and/or remain thereon without the express written authorization of the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the Subject Property during the time this Order of Sale is in effect may be arrested and/or ejected by any of the law enforcement agencies listed above without further order of the Court.

21. Until the Subject Property is sold, Steven S. Snider, in his capacity as Receiver, shall take all reasonable steps necessary to preserve the Subject Property, including all buildings, improvements, fixtures, and appurtenances, and shall maintain fire and casualty insurance on the Subject Property, if appropriate. The Receiver shall timely pay all assessed real property taxes. The Receiver shall manage the Subject Property in a manner that preserves its value and marketability, avoid waste, and take reasonable measures to ensure that others do the same. The Receiver shall also refrain from recording instruments, publishing notices, or taking other actions that would reasonably be expected to adversely affect the value or marketability of the Subject Property or discourage prospective bidders.

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

22.     If after the sale the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court under Federal Rule of Civil Procedure 70 to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

### Disposition of Personal Property

23.     The Receiver shall reasonably cooperate with Torin Bergsma, as the authorized representative of the Estate of Timothy Bergsma, to facilitate the retrieval of personal property located at the Subject Property that belonged to Timothy Bergsma, or others, and has an individual fair market value of less than $1,000. The Receiver shall provide the Estate's representative with reasonable access to the Subject Property, at mutually agreeable times and upon reasonable notice, to identify and remove such personal belongings that the Estate or Timothy Bergsma's family wishes to retain. The Receiver may supervise the retrieval process and take reasonable measures to ensure that the removal of personal property does not interfere with the preservation, security, or sale of the Subject Property.

24.     If the Receiver and the Estate's representative are unable to agree whether a particular item of personal property has an individual fair market value of less than $1,000, the Receiver shall notify counsel for the United States and seek guidance before permitting the item to be removed from the Subject Property. Unless otherwise agreed by the parties or directed by the Court, the disputed item shall remain at the Subject Property until the dispute is resolved.

25.     If any person fails or refuses to remove personal property from the Subject Property within 21 days of this Order, the following shall apply:

a. The occupant may request permission from the Receiver to return solely to remove personal property. Such permission shall not be unreasonably withheld.

b. After obtaining permission, the previous occupant shall not return to the Subject Property without being accompanied by the Receiver, unless the Receiver grants specific permission to return unaccompanied.

c. Any personal property remaining after 21 days from the date of this Order, excluding improvements, buildings, fixtures, and appurtenances, shall be deemed abandoned, as the

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

prior occupant, nor any of the defendants in this action no longer have a possessory right to the Subject Property.

d. After 21 days, the Receiver may dispose of abandoned property by any means he deems appropriate, including destruction, charitable donation, or sale. The United States may authorize the Receiver to consult experts regarding the sale of abandoned property, including art, furnishings, vehicles, and equipment. This Order does not restrict the IRS's authority to collect against personal property under applicable law.

e. Proceeds from the sale of abandoned property shall first cover the costs of the sale. Any remaining balance shall be deposited into the Court's registry for further distribution.

f. Ownership of any abandoned personal property remaining at the time a sale is confirmed shall transfer to the buyer of the Subject Property.

g. If the Receiver believes any personal property is potentially dangerous (e.g., firearms, weapons, incendiaries), he may secure the item in a reasonable manner, including removal to his office or other facility. The item may be returned to the owner only if: (1) proof of ownership satisfactory to the Receiver is provided; (2) the owner reimburses any reasonable costs incurred in securing the item; (3) the return is safe and legal; and (4) the Receiver is satisfied that returning the item does not create a safety hazard. If no claim is made within 30 days, the Receiver may dispose of the item as he sees fit.

h. If the personal property includes live animals, the Receiver shall take reasonable and humane steps to remove them from the Subject Property. Any extra costs incurred shall be reimbursable as a cost of sale.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2026.

_____
JOHN H. CHUN
United States District Judge

[Order of Judicial Sale
(Case No. 2:23-cv-1483)

7